THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10-cv-00159-MR

| | |
|---|---|
| SOCIEDAD ESPANOLA de ELECTROMEDICINA y CALIDAD, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> BLUE RIDGE X-RAY COMPANY, INC., DRGEM USA, INC. and DRGEM CORPORATION, <br><br> Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion for Leave to Supplement Invalidity Contentions with Newly Discovered Opinions of Philip Hopkinson [Doc. 78].

The Defendants move the Court for an Order granting them leave to supplement their contentions concerning the invalidity of the '829 patent in suit by adding newly discovered opinions of the Defendants' technical expert witness, Phillip Hopkinson. [Doc. 78]. The Plaintiff opposes the Defendants' request. [Doc. 80].

Local Patent Rule 3.6(B) provides as follows:

>   (B) ***Leave Required.*** Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3.6(A), may be made only by order of the Court, which shall be entered if application is made in a timely fashion, for good cause, and without purpose of delay or undue prejudice to another party. ***Non-exhaustive examples of circumstances supporting a finding of good cause can include at least the following***: . . . ***information discovered, confirmed, or provided by a party's consultant or expert after a party's contentions have been served*** . . . .

Local Patent Rule 3.6(B) (emphasis added). Thus, pursuant to this Rule, the Court must grant a party leave to supplement its invalidity contentions if application is made (1) in a timely fashion; (2) for good cause; and (3) without purpose of delay or undue prejudice to the other party.

All of the conditions of Rule 3.6(B) are satisfied in the present case. First, the Defendants' application is timely. The Defendants complied with their expert disclosure deadlines under Rule 26 and under this Court's Order by timely disclosing Mr. Hopkinson as an expert. Mr. Hopkinson did not begin his detailed work on this case until April 9, 2014, and his expert report containing his opinions about the "inoperability" of the devices claimed by the '829 patent was just issued on May 6, 2014. The Defendants then promptly notified the plaintiff of their intention to seek leave of Court to supplement their invalidity contentions to include Mr.

2

Hopkinson's opinions concerning the inoperability of the claimed inventions. After learning nine days later that the Plaintiff opposed the request, the Defendants filed the present motion. The Defendants' request to supplement their invalidity contentions was made promptly after it was confirmed by Mr. Hopkinson, whose opinions were timely disclosed within the expert discovery schedule ordered by the Court. Accordingly, the Court concludes that the Defendants' motion for leave to supplement was timely under Rule 3.6(B).

Second, there is good cause for allowing the supplemental contentions. Rule 3.6 explicitly recognizes that good cause exists when information is "discovered, confirmed, or provided by a party's consultant or expert after a party's contentions have been served." Local Patent Rule 3.6(B). The Defendants' proposed supplemental contentions were only recently discovered through information confirmed and provided by the Defendants' expert witness, Mr. Hopkinson, who just issued his report. Accordingly, the Court concludes that good cause exists to allow the amendment.

Finally, there is no undue delay or undue prejudice to the Plaintiff. As noted, the Defendants only recently retained Mr. Hopkinson, and only even more recently learned of Mr. Hopkinson's opinions concerning the

inoperability of the claimed devices. Thus, there is no undue delay. To the extent that the Plaintiff argues that the Defendants were required to disclose this invalidity contention sooner, such argument is misplaced and misapprehends Local Patent Rule 3.6(B), which specifically allows for the supplementation of invalidity contentions based on information "confirmed or provided" by an expert witness following the disclosure of initial contentions.

Further, there is no undue prejudice to the Plaintiff, as the Plaintiff learned about these new contentions with the production of Mr. Hopkinson's May 6, 2014 expert report and has been able to procure a supplemental report from its own expert to address these supplemental contentions. [See Doc. 83-1]. Moreover, trial in this case is not scheduled to begin until November 10, 2014, and dispositive motions have yet to be filed.

For the foregoing reasons, the Court will allow the Defendants to supplement their invalidity contentions as set forth in Exhibit A to their Motion.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Leave to Supplement Invalidity Contentions with Newly Discovered Opinions of Philip Hopkinson [Doc. 78] is **GRANTED**.

**IT IS SO ORDERED.**

Signed: July 28, 2014

Martin Reidinger
United States District Judge