THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No.: 1:10-cv-00159-MR

| | |
|---|---|
| SOCIEDAD ESPANOLA DE ELECTROMEDICINA Y CALIDAD, S.A., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BLUE RIDGE X-RAY CO, INC., )<br>DRGEM USA, Inc., and )<br>DRGEM CORP., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Unopposed Motion for Leave to File Documents under Seal [Doc. 98].

The Plaintiff moves for leave to file its Response to Defendants' Motion for Summary Judgment of Non-Infringement and Conditional Request for Summary Judgment on Plaintiff's Claim of Willful Infringement as well as several exhibits thereto under seal. For grounds, the Plaintiff states that these documents contain confidential and proprietary information that is not otherwise available to the public. The Defendants do not oppose the Plaintiff's request.

The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed its motion on September 2, 2014, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that the documents at issue contain certain proprietary and/or confidential business information, and that the

public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information.  Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the Plaintiff's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Unopposed Motion for Leave to File Documents under Seal [Doc. 98] is **GRANTED**, and the following documents shall be placed under seal until further Order of this Court:  (1) Plaintiff's Response to Defendants' Motion for Summary Judgment of Non-Infringement and Conditional Request for Summary Judgment on Plaintiff's Claim of Willful Infringement; (2) Exhibit 1: Transcript Selections from the Deposition of Angel Diaz-Carmena, as well as Defendants' Ex. 39; (3) Exhibit 2: Transcript Selections from the Deposition of Manuel Martinez-Alvarez; (4) Exhibit 3: Transcript Selections from the Deposition of Min-Soo Byun; (5) Exhibit 6: Transcript Selections from the Deposition of Phil Hopkinson; (6) Exhibit 14: Declaration of Angel Diaz-Carmena in Opposition to Summary Judgment; and (7) Exhibit 17: Annotated Images from Plaintiff's Exhibits 135 and 136.

**IT IS SO ORDERED.**

Signed: September 5, 2014

Martin Reidinger
United States District Judge