THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10-cv-00159-MR

SOCIEDAD ESPANOLA de )
ELECTROMEDICINA y )
CALIDAD, S.A., )
                                 )
            Plaintiff, )
                                 )
      vs. )                 **O R D E R**
                                 )
BLUE RIDGE X-RAY COMPANY, INC., )
DRGEM USA, INC. and )
DRGEM CORPORATION, )
                                 )
            Defendants. )
_____ )

**THIS MATTER** is before the Court on the Defendants' Motion for Leave to Renew Their Prior – But Never Ruled On – Motion for Summary Judgment Concerning Willful Infringement [Doc. 124].

The Defendants seek to renew their previously-filed motion for summary judgment on the Plaintiff's claim of willful infringement. For grounds, the Defendants argue that they "are clearly entitled to summary judgment on the issue of willfulness because, as a matter of law, infringement is not 'willful' when the accused party has 'reasonable defenses.'" [Doc. 124 at 2-3 (quoting Carnegie Mellon Univ. v. Marvell Tech.

Group, Ltd., No. 2014-1492, __ F.3d __, 2015 WL 4639309, at *14 (Fed. Cir. Aug. 4, 2015)]. Specifically, because this Court previously agreed with certain of the Defendants' non-infringement arguments in granting summary judgment (a decision which was subsequently reversed by the Federal Circuit), the Defendants argue that such arguments are necessarily reasonable and thus preclude a finding of willful infringement as a matter of law. [Id.].

While consenting to allowing the Defendants to renew their summary judgment motion, the Plaintiff opposes the Defendants' additional briefing on the willfulness issue. [Doc. 126]. In the event that the Court considers such additional briefing, the Plaintiff submits its own supplement response countering the Defendants' additional arguments. [Docs. 126-1].

In order to establish that an act of infringement was willful, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The second inquiry is a question of fact typically presented to a jury, while the first inquiry is question

of law for the Court to determine.  Carnegie Mellon, 2015 WL 4639309, at *12.

Upon careful consideration of the Defendants' renewed motion, and the Plaintiff's supplemental response, the Court concludes that the Defendants' motion should be denied.  While some courts have granted summary judgment on the issue of willfulness, many other courts "have waited until the record had been further developed at trial."  Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc., 35 F.Supp.3d 163, 181 (D. Mass. 2014).  In the present case, allowing the issue of willfulness to be fully addressed at trial appears to be "most prudent and appropriate here."  Id. at 182.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Leave to Renew Their Prior – But Never Ruled On – Motion for Summary Judgment Concerning Willful Infringement [Doc. 124] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 10, 2015

Martin Reidinger
United States District Judge