# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10-cv-00159-MR

| | |
|---|---|
| **SOCIEDAL ESPANOLA DE ELECTROMEDICINA Y CALIDAD, S.A.,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BLUE RIDGE X-RAY CO., INC., DRGERM USA, INC., and DRGEM CORP.,** )<br>)<br>)<br>)<br>**Defendants.** )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the verdict returned by the jury on January 19, 2016 [Doc. 206]; the parties' supplemental briefs regarding the issue of willfulness [Docs. 219, 220]; and the Plaintiff's Motion in the Alternative for Entry of Judgment [Doc. 223].

## I. PROCEDURAL BACKGROUND

This is an action brought by Sociedad Espanola de Electromedicina Y Calidad, S.A. (Sedecal) against Blue Ridge X-Ray Company, Inc. (Blue Ridge X-Ray), DRGEM USA, Inc. (DRGEM USA), and DRGEM Corporation

(DRGEM Corp.), alleging infringement of Sedecal's U.S. Patent No. 6,642,829 ("the '829 Patent"). [Doc. 1]. On January 13, 2016, a jury returned a verdict finding that the Defendants had infringed the '829 Patent. [Doc. 202]. Following a second trial, the same jury awarded the Plaintiff a total of $852,000 in damages against all three Defendants and further found DRGEM USA, Inc. and DRGEM Corporation's infringement to have been willful. [Doc. 206].

Recognizing that then-controlling authority required a two-part inquiry consisting of both subjective and objective components in order to determine willfulness, see In re Seagate Tech., LLC, 497 F.3d 1370 (Fed. Cir. 2007) (en banc), the Court directed the parties to submit additional briefing on the objective component of the Seagate test. The parties filed their supplemental briefs on March 9, 2016. [Docs. 219, 220].

Having been fully briefed, this matter is now ripe for disposition.

## II. DISCUSSION

Section 284 of the Patent Act provides that in a case of infringement the court "may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. The Supreme Court has long described § 284 as providing for such enhanced damages in cases involving "willful or bad-faith infringement." Aro Mfg. Co. v. Convertible Top Replacement Co., 377

U.S. 476, 508 (1964) see also Dowling v. United States, 473 U.S. 207, 227 n.19 (1985) (noting enhanced damages recoverable for "willful infringement"); Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank, 527 U.S. 627, 648 n.11 (1999) (describing enhanced damages under § 284 as "punitive" in nature); Beatrice Foods Co. v. New England Printing & Lithographing Co., 923 F.2d 1576, 1578 (Fed. Cir. 1991) (noting that enhanced damages were traditionally "premised on willful infringement or bad faith").

In 2007, the Federal Circuit developed a two-part test for determining whether a "willful" infringement has occurred sufficient to warrant consideration of an award of enhanced damages under § 284. See In re Seagate Tech., LLC, 497 F.3d 1360 (Fed. Cir. 2007) (en banc). Under Seagate, a plaintiff seeking enhanced damages was first required to demonstrate "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Id. at 1371. This objectively defined risk was to be determined without regard for "[t]he state of mind of the accused infringer." Id. Significantly, the required showing of objective recklessness could not be met as a matter of law if the patent was "reasonably subject to challenge." Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 776 F.3d 837,

844 (Fed. Cir. 2015). Thus, willful infringement could not be found where the accused infringer "raised a 'substantial question' as to the validity or noninfringement of the patent" during the infringement proceedings. Id. Recognizing that this objective inquiry involved "mixed questions of law and fact," the Federal Circuit held that this was an issue "best decided by the judge as a question of law subject to *de novo* review." Id. (citation omitted).

The second prong of the Seagate test was a subjective inquiry, by which the plaintiff had to show by clear and convincing evidence that the risk of infringement "was either known or so obvious that it should have been known to the accused infringer." Seagate, 497 F.3d at 1371. The subjective inquiry presented a question of fact to be resolved by the jury. See Powell v. Home Depot U.S.A., Inc., 663 F.3d 1221, 1236 (Fed. Cir. 2011). Only once both prongs were satisfied could the court proceed to consider whether to exercise its discretion and award enhanced damages under § 284. Seagate, 497 F.3d at 1371.

Seagate was controlling legal authority at the time that this matter was tried in January 2016. Accordingly, pursuant to Seagate, the Court submitted the matter of willful infringement to the jury, along with the following jury instruction:

4

> Sedecal must prove by clear and convincing evidence the following elements:
>
> 1. There was an objectively high likelihood of infringement that was either known or so obvious that it should have been known to the Defendant under consideration; and
>
> 2. The Defendant under consideration acted despite the objectively high likelihood that its actions infringed a valid patent.

[Phase II Trial Transcript at 947]. As noted above, the jury returned a verdict in favor of the Plaintiff, finding that DRGEM USA, Inc. and DRGEM Corp. both acted willfully in infringing the '829 Patent. The Court deferred entering a judgment on the jury's verdict, however, in order to consider the objective prong of the Seagate willfulness analysis.

At the time of the trial of this matter the Supreme Court had granted certiorari in a matter that raised the question of whether the Seagate standard was consistent with the language of § 284. On June 13, 2016, while this matter was still under advisement, the Supreme Court issued its decision in Halo Electronics, Inc. v. Pulse Electronics, Inc., 136 S. Ct. 1923 (2016). In Halo, the Supreme Court overruled Seagate, concluding that the Federal Circuit's two-part inquiry was "unduly rigid, and it impermissibly encumbers the statutory grant of discretion to district courts." Halo, 136 S.

5

Ct. at 1932 (internal quotation marks and citation omitted). As the Halo Court explained:

> The principal problem with Seagate's two-part test is that it requires a finding of objective recklessness in every case before district courts may award enhanced damages. Such a threshold requirement excludes from discretionary punishment many of the most culpable offenders, such as the "wanton and malicious pirate" who intentionally infringes another's patent — with no doubts about its validity or any notion of a defense — for no purpose other than to steal the patentee's business. Under Seagate, a district court may not even consider enhanced damages for such a pirate, unless the court first determines that his infringement was "objectively" reckless. In the context of such deliberate wrongdoing, however, it is not clear why an independent showing of objective recklessness — by clear and convincing evidence, no less — should be a prerequisite to enhanced damages.

Id. (internal citation omitted).

Thus, in Halo, the Supreme Court has overruled the objective prong of Seagate, leaving the issue of willfulness as solely a factual issue which can readily be addressed by a jury. Here, the jury was instructed to make a factual determination as to whether the DRGEM Defendants acted willfully, and the jury answered this question in the affirmative. In light of Halo, this finding standing alone is sufficient to support a finding of willfulness. Because this Court is no longer required to make a finding to satisfy the

"objective recklessness" prong of Seagate, a judgment will therefore be entered based on the jury's verdict that the DRGEM Defendants willfully infringed the '829 Patent.

Therefore, contemporaneously with this Order, Court will enter a Judgment pursuant to Federal Rule of Civil Procedure 58(a) based on the jury's findings. Accordingly, the Plaintiff's Motion in the Alternative for Entry of Judgment will be denied as moot. The Court does not address the question of an award of enhanced damages in this action in that no motion for such is presently before the Court.

**IT IS, THEREFORE, ORDERED** that a judgment upon the jury's verdict will be entered contemporaneously herewith.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion in the Alternative for Entry of Judgment [Doc. 223] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: July 8, 2016

Martin Reidinger
United States District Judge