THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No.: 1:10-cv-00159-MR

SOCIEDAD ESPANOLA DE )
ELECTROMEDICINA Y )
CALIDAD, S.A., )
                                     )
        Plaintiff,     )
                                     )
   vs.                              )          <u>O R D E R</u>
                                     )
BLUE RIDGE X-RAY CO, INC., )
DRGEM USA, Inc., and )
DRGEM CORP., )
                                     )
        Defendants.  )
                                   )

**THIS MATTER** is before the Court on the Plaintiff's Motion to Strike Defendants' Sur-Reply (ECF 261) Filed in Opposition to Plaintiff's Motion for Attorney's Fees [Doc. 267], which was filed on August 23, 2016, and the Defendants' Motion for Leave to File Surreply in Opposition to Plaintiff's Motion for Attorneys' Fees *Nunc Pro Tunc* [Doc. 275], which was filed on September 9, 2016.

On August 15, 2016, the Defendants filed a Surreply in Opposition to Plaintiff's Motion for Attorneys' Fees. [Doc. 261]. The Plaintiff now moves to strike the Defendants' Surreply as having been improperly filed. [Doc.

267]. The Defendants, in turn, seek leave *nunc pro tunc* to allow the filing of their Surreply. [Doc. 275].

Nothing in the Court's Pretrial Order and Case Management Plan authorizes the filing of a surreply brief. [See Pretrial Order and Case Management Plan, Doc. 66 at 8-9 (discussing responses to motions)]. Further, surreplies are not allowed by the Local Civil Rules. See Miller v. Ingles, No. 1:09cv200, 2009 WL 4325218, at *16 (W.D.N.C. Nov. 24, 2009) (Howell, M.J.); see also LCvR 7.1(E) (discussing time frames for filing responses and replies with no reference to surreplies). Thus, the Defendants' surreply brief could have been filed only with leave of Court. See Miller, 2009 WL 4325218, at *16. The Defendants, however, did not seek leave of Court before filing their surreply brief; instead, they waited to file their motion for leave only in response to the Plaintiff's Motion to Strike. The Defendants' request for leave to file is untimely and will therefore be denied.

Even disregarding the untimeliness of the Motion, however, the Court would not allow the requested relief. "Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply." DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). The Court does not find that fairness so dictates here. The issue of

attorneys' fees has been exhaustively briefed, and the Court is more than capable of discerning the positions of the parties from the briefs that have already filed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike Defendants' Sur-Reply (ECF 261) Filed in Opposition to Plaintiff's Motion for Attorney's Fees [Doc. 267] is **GRANTED**, the Defendants' Motion for Leave to File Surreply in Opposition to Plaintiff's Motion for Attorneys' Fees *Nunc Pro Tunc* [Doc. 275] is **DENIED**, and the Defendants' Surreply [Doc. 261] is hereby **STRICKEN**.

**IT IS SO ORDERED.**

Signed: October 7, 2016

Martin Reidinger
United States District Judge